IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES A. NICHOLS, II, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 05-CV-497-JHP-PJC ) |
| JOHN GRUBBS, Warden, | ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 13). Petitioner, a state inmate appearing *pro se*, has filed a response (Dkt. # 15) to the motion. In addition, Petitioner has filed an "amendment to petition for writ of habeas corpus" (Dkt. # 16). Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition was not timely filed and Respondent's motion to dismiss shall be granted.

### *BACKGROUND*

The record reflects that on January 25, 1995, Petitioner was convicted on his plea of guilty of Lewd Molestation in Creek County District Court, Case No. CRF-1994-340. (Dkt. # 14, Ex. A). He was sentenced to twenty (20) years imprisonment, with all except the first five (5) years suspended. Id. Petitioner did not move to withdraw his guilty plea and did not perfect a *certiorari* appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). (Dkt. # 14, Ex. B).

On November 8, 1999, Petitioner's suspended sentence was revoked. (Dkt. # 14, Ex. C).

He was sentenced to serve thirteen (13) years in custody, consecutive to his sentence entered in Creek County District Court, Case No. CRF-1988-143. He did not file an appeal from the revocation order. However, the record reflects a "motion to set hearing for mitigation of punishment" was filed on November 22, 1999. Petitioner withdrew the "motion for mitigation of punishment" on January 11, 2000. See Dkt. # 14, Ex. B.

On April 16, 2004, Petitioner filed a "motion to vacate." See Dkt. # 14, Ex. B. By order filed September 20, 2004, the state district court construed the motion as an application for post-conviction relief and denied the requested relief. Id. Petitioner appealed the denial of relief to the OCCA. By order filed November 10, 2004, in PC-2004-1071 (Dkt. # 14, Ex. E), the OCCA affirmed the denial of post conviction relief.

On August 31, 2005, Petitioner filed the instant petition for writ of habeas corpus. (Dkt. #1). He raises six (6) claims alleging: the invalidity of the split sentence originally entered by the trial court (claims 1 and 2), the improper execution of his sentences resulting from the trial court's failure to revoke his suspended sentence in CRF-1988-143 at the time of sentencing in CRF-1994-340 (claim 5), violation of the plea agreement entered into at the time of sentencing in CRF-1994-340 (claim 6), ineffective assistance of counsel in failing to appeal the revocation order entered in CRF-1994-340 (claim 3), and abuse of discretion by trial court in allowing his attorney to withdraw at the hearing on the motion for mitigation of punishment (claim 4). In addition, Petitioner filed, without first obtaining leave of Court, an amended petition asserting a seventh claim: that the trial court abused its discretion in denying, on November 21, 2000, his request for appointment of counsel for post-conviction proceedings.

*ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**A. Challenge to validity of original sentence in Case No. CRF-94-340 (claims 1, 2, 5, and 6)**

Because the limitations period generally begins to run from the date on which a prisoner's conviction becomes final, a literal application of the AEDPA limitations language would result in the preclusion of habeas corpus relief for any prisoner whose conviction became final more than one

3

year before enactment of the AEDPA. Recognizing the retroactivity problems associated with that result, the Tenth Circuit Court of Appeals held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996. United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). In other words, prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file for federal habeas corpus relief.

The Tenth Circuit Court of Appeals also ruled that the tolling provision of 28 U.S.C. § 2244(d)(2) applied in § 2254 cases to toll the one-year grace period afforded by Simmonds. Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998). Therefore, the one-year grace period would be tolled during time spent pursuing state applications for post-conviction relief properly filed during the grace period.

Application of these principles to Petitioner's claims challenging the original sentence entered in Creek County District Court, Case No. CRF-1994-340, leads to the conclusion that those claims were not filed within the one-year limitations period. Because Petitioner failed to withdraw his guilty plea and did not otherwise perfect a *certiorari* appeal, his conviction became final ten (10) days after entry of his Judgment and Sentence, or on February 4, 1995. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). Thus, Petitioner's conviction and sentence in CRF-1994-340 became final before enactment of the AEDPA. As a result, his one-year limitations clock began to run on April 24, 1996, when the AEDPA went into effect. Petitioner had

4

until April 24, 1997, to submit a timely petition for writ of habeas corpus. United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did not seek any post-conviction relief during the grace period. Petitioner first challenged the validity of his sentence in his "motion to vacate" filed on April 16, 2004, or almost (7) years beyond the April 24, 1997 deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the grace period did not toll the limitations period. Therefore, Petitioner's claims challenging the validity of his original sentence appear to be untimely since the petition was not filed until August 31, 2005.

**B. Claims based on revocation proceedings (claims 3 and 4), and amended petition claim 7**

In his third and fourth claims, Petitioner challenges events surrounding the revocation of his suspended sentence. See Dkt. # 1. In his amended petition, Petitioner asserts as his seventh claim that the trial court erred when, on November 21, 2000, it denied his motion for appointment of counsel for post-conviction proceedings.[1] See Dkt. # 16. Application of § 2244(d)(D) leads the

---

[1] The Court notes that any claim premised on the state district court's denial of Petitioner's motion for appointment of counsel for post-conviction proceedings does not rise to the level of a constitutional violation cognizable in this habeas corpus proceeding. Even if it did, it would be time-barred.

5

Court to conclude that those claims are also barred by the statute of limitations. The Court finds that Petitioner's one-year limitations period for claims arising from the revocation proceedings began to run on November 18, 1999, when Petitioner failed to file a notice of appeal within ten (10) days of the imposition of the district court's order revoking Petitioner's suspended sentence. See Rule 1.2(D)(4), *Rules of the Oklahoma Court of Criminal Appeals* (providing for appellate review of revocation of suspended sentence). Thus, absent a tolling event, a federal petition for writ of habeas corpus filed after November 18, 2000, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did not seek any post-conviction relief during the relevant period. Petitioner did file a motion for mitigation of punishment on November 22, 1999, or prior to expiration of the federal limitations period. The docket sheet for Creek County District Court, Case No. CRF-1994-340, see Dkt. # 1, Ex. II, reflects that Petitioner's motion for mitigation of punishment was withdrawn on January 11, 2000. Oklahoma law provides that a petitioner may seek judicial review and modification of a sentence pursuant to Okla. Stat. tit. 22, § 982a, a statutory provision allowing a district court to modify a sentence within twelve months after the sentence is imposed. However, Oklahoma's sentence modification procedure "is not part of the direct review process under Oklahoma law." Williams v. Beck, No. 04-6184, 2004 WL 2491764 (10th Cir. Nov.5, 2004) (unpublished). The Tenth Circuit Court of Appeals has indicated in an unpublished opinion that Oklahoma's statutory procedure for modifying sentences does not toll the § 2244(d)(1) limitation

6

period. Nicholson v. Higgins, No. 05-7032, 2005 WL 1806446 (10th Cir. Aug.2, 2005) (unpublished) (acknowledging in a footnote that the petitioner had sought judicial review under Okla. Stat. tit. 22, § 982a, and reasoning that because "such motions seek discretionary review [and] their denial is not appealable" they "therefore do not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period"). As in Nicholson, Petitioner's motion for mitigation of punishment does not serve to toll the § 2244(d)(1) statute of limitations applicable to Petitioner's habeas claims challenging the revocation of his suspended sentence entered in Creek County District Court, Case No. CRF-1994-340.

The Court further finds that Petitioner is not entitled to tolling of the limitations period under § 2244(d)(2) as a result of any of the motions filed in Creek County District Court, Case Nos. CRF-1994-340 and CRF-1988-143, after November 18, 2000. To the extent those motions sought post-conviction or collateral review of Petitioner's sentence, they were filed after expiration of the limitations period  A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner on April 16, 2004, or after expiration of the limitations period, did not toll the limitations period. In addition, motions seeking copies of transcripts or appointment of counsel are not considered motions for collateral review and do not serve to toll the AEDPA limitations period. See May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003). Unless Petitioner demonstrates entitlement to equitable or other statutory tolling, his petition filed August 31, 2005, is time-barred.

**C. Petitioner has failed to demonstrate entitlement to tolling of the limitations period**

In response to the motion to dismiss, Petitioner argues that application of the limitations provision of the AEDPA to this case would result in a violation of the *ex post facto* clause. See Dkt. # 15. Petitioner also argues that his claims are jurisdictional and cannot be time-barred. Id. The Court rejects Petitioner's arguments. First, Petitioner argues that applying the AEDPA period of limitation to his case violates the Ex Post Facto Clause of the United States Constitution because he was convicted prior to the enactment of AEDPA. The Ex Post Facto Clause is only applicable when a law retrospectively alters the definition of criminal conduct or increases the punishment for the crime. See Lynce v. Mathis, 519 U.S. 433, 441 (1997). The application of AEDPA to Petitioner's petition does not implicate either of these problems. Because he filed his petition for habeas corpus relief after the enactment of AEDPA, the AEDPA period of limitation applies to his case. Williams v. Taylor, 529 U.S. 420, 429 (2000). Next, Petitioner alleges that his jurisdictional challenge to his conviction cannot be time-barred. However, Petitioner's claim goes to the validity of his conviction and sentence and is not a challenge to the jurisdiction of the state district court. As a result, the limitation provision of the AEDPA applies to the claims asserted in his § 2254 petition.

The Court recognizes that the statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998). The record before the Court clearly demonstrates that Petitioner did not diligently pursue his claims for purposes of federal habeas corpus review. As discussed above, Petitioner took no steps to obtain judicial review of his convictions between January 25, 1995, when

he was sentenced on his plea of guilty, see Dkt. # 14, Ex. A, and April 16, 2004, when he filed his "motion to vacate," construed by the state district court as an application for post-conviction relief. Petitioner did not seek post-conviction relief during the limitations period and offers no explanation for the significant lapses of time between his sentencing, both his original sentencing and revocation sentencing, and his post-conviction proceeding. Having reviewed the record, the Court finds no basis for statutory or equitable tolling. Therefore, this action is time-barred.

## *CONCLUSION*

Because Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period, Respondent's motion to dismiss for failure to file within the limitations period shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 13) is **granted**.
2. The claims asserted in the petition (Dkt. #1) and the amended petition (Dkt. # 16) are **dismissed with prejudice**.
3. A separate judgment shall be filed in this case.

DATED THIS 29th day of September 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma